Dear Mr. Hughes:
You have requested an opinion of the Attorney General regarding the use of publicly owned internet access that is available at public facilities in West Feliciana Parish, such as the Courthouse and West Feliciana Parish High School. Specifically you ask if it is permissible, through the use of a cooperative endeavor agreement, to grant privately owned entities access to this bandwidth on the condition of non-interference with public use, if public service programming is provided by the private entity to the Parish and School Board at no cost.
In a subsequent conversation, you informed our office that the private entity operates a media business that films public meetings and events. You stated that this private entity would like to have access to and use the wireless internet paid for by the parish (or school board) while performing its duties to these public entities. In exchange for being allowed access and use to the public wireless internet, the private entity has offered to provide public service programming to the public entities at no cost.
Since the question presented reflects the transfer of intangible public property (internet use), it must be addressed in light of the provisions of Louisiana Constitution Article VII, Section 14, which provides, in pertinent part, the following:
 "§ Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .' *Page 2 
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public property. Paragraph (C) of Section 14 authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A).[1]
In Board of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizensof the City of Gonzales, et al., [2] (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis of Art. VII, Section 14 from City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency,Inc., [3] and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated."[4]
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds or property to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds. *Page 3 
In considering the facts presented, it appears that the first part of the test is satisfied because the expenditure or transfer would be for a public purpose for which the public entities have the legal authority to engage in. The West Feliciana Parish Police Jury and West Feliciana Parish School Board both have the legal authority to purchase internet service in order to accomplish the independent objectives of each governmental entity. Providing public service programming would also appear to be a public purpose for which the Parish and School Board have the legal authority to pursue. The second part of the test also appears to be met since the public entities will be receiving public service programming in exchange for the use of the pubic wireless internet, making the transfer a non-gratuitous one. Lastly, the transfer or exchange is authorized as long as there is a reasonable expectation on the part of the public entities of receiving at least equivalent value in the exchange for the use of the public property.
It is therefore the opinion of this office that it is permissible for the West Feliciana Parish Police Jury and West Feliciana Parish School Board to enter into a cooperative endeavor agreement with a private entity for the purpose of providing the private entity access to the public wireless internet in exchange for providing the public entities public service programming as long as there is a reasonable expectation on the part of the public entities of receiving at least equivalent value.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 DANIEL D. HENRY JR.
 Assistant Attorney General
 JDC/DDH/jv
[1] La. Atty. Gen. Op. 07-0205.
[2] Board of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizensof the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11.
[3] City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency,Inc., 439 So.2d 399 (La. 1983).
[4] Cabela's, 938 So.2d at 20.